UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES COOK                                                  CIVIL ACTION NO. 12-0009

VERSUS                                                          JUDGE S. MAURICE HICKS, JR.

EL DORADO CASINO RESORT, ET AL.          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court are two Rule 12(b)(6) Motions to Dismiss (Record Documents 4 & 6). The first motion was filed by Defendants Eldorado Resort Casino Shreveport (erroneously named in the Complaint as Eldorado Casino Resort), Michael Whitemane, and Jonathan Jenkins (erroneously named in the Complaint as Jonnothen Jenkins). See Record Document 4. The second motion was filed by Defendant A.D. Lane (erroneously named in the Complaint as Officer Lane). See Record Document 6. To date, the motions are unopposed. For the reasons which follow, the Motions to Dismiss are **GRANTED** and Plaintiff James Cook's ("Cook") claims are **DISMISSED**.

**BACKGROUND**

Cook filed the instant lawsuit on January 3, 2012. See Record Document 1. He named the following individuals as defendants: Mike Whitemane as Manager at Eldorado Casino; Jonnothen Jenkins as Manager at Eldorado Casino; and Officer Lane as Security Officer at Eldorado Casino. See id. In the caption of his complaint, he also named Eldorado Casino Resort as a defendant. See id. As the "Statement of Claim," Cook wrote:

> The above defendant had physically and mentally harmed Plaintiff James Cook last year on the first of 2011 by hirring [sic] this insane Officer Lane too [sic] harm anyone who they thot [sic] where [sic] intoxicated and allowed this man officer Lane to fo bodily harm to anyone in that casino, and that what happen to me I was severly [sic] beaten up for nothing, while the managers sit and contemplated and knowing of this cruel officers actions. This man as

> agent of these cruel and horrible managers actions and thats [sic] turning out James Cook could have been killed, thank God he want [sic] be there any more.

Id.

Defendants Eldorado Resort Casino Shreveport ("Eldorado"), Michael Whitemane ("Whitemane"), and Jonathan Jenkins ("Jenkins") filed their Motion to Dismiss on January 30, 2012. See Record Document 4. Any opposition was due February 14, 2012. See Record Document 5. Defendant A.D. Lane ("Lane") filed his Motion to Dismiss on February 7, 2012. See Record Document 6. Any opposition was due February 23, 2012. See Record Document 7. To date, Cook has not opposed either motion.

**LAW AND ANALYSIS**

**I.      Rule 12(b)(6) Standard.**

Defendants' Motions to Dismiss are filed pursuant to Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 1964-1965 (2007). The task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir.2010), citing Ashcroft v. Iqbal, 556

U.S. 662, 129 S.Ct. 1937, 1949.

## II.   Title 42, United States Code, Section 1983.

In filing his lawsuit, Cook completed the form to be used by a prisoner filing a civil rights complaint under The Civil Rights Act, 42 U.S.C. § 1983.  See Record Document 1.  While it does not appear that Cook is a prisoner, the Court is left to assume that he is proceeding under Section 1983.

Section 1983 does not create substantive rights.  See Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 811 (1994).  Rather, it is "merely a procedural rule that provides a private cause of action for redressing violations of federal law or vindicating federal rights elsewhere conferred."  Id.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  James v. Tex. Collin Cnty., 535 F.3d 365, 373 (5th Cir.2008) (citation and internal quotation marks omitted).  A plaintiff asserting claims pursuant to Section 1983 "must support his claims with specific facts . . . and may not simply rely on conclusory allegations."  Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

Defendants argue that Cook has not specified any constitutional violations, nor indicated any conduct of Defendants committed "under color of state law."  Record Document 4-1 at 2; Record Document 6-1 at 2.  More specifically, Defendants note that they are not state actors.  Instead, Eldorado is a private business, which employs Whitemane, Jenkins, and Lane, who are all private individuals.  The Court will focus on the second element of a Section 1983 claim, that is, whether Cook has alleged that any purported deprivation was committed by a person acting under color of state law.

Generally, a private individual or business is not considered to act under color of law. See Ballard v. Wall, 413 F.3d 510, 518 (5th Cir.2005). A private individual or business may act under color of law in certain circumstances. See id. For instance, if the private individual or business is involved in a conspiracy or participates in joint activity with state actors, then they may be deemed states actors. See id.; see also Priester v. Lowndes Cnty., 354 F.3d 414, 420 (5th Cir.2004) ("For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors."); Keko v. Hingle, 318 F.3d 639, 642 (5th Cir.2003) ("As the Supreme Court has held, a private party may be liable for conspiring with state actors to violate civil rights."); Phillips v. Vandygriff, 711 F.2d 1217, 1225–1226 (5th Cir.1983) ("It is enough [to establish a conspiracy] that [a private party] is a willful participant in joint activity with the State or its agents."). To plead an action under color of state law for a conspiracy theory, "[t]he plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." Priester, 354 F.3d at 420. Conspiracy allegations that "are merely conclusory, without reference to specific facts," will not survive a motion to dismiss. Id.

Here, Eldorado is a private business and Whitemane, Jenkins, and Lane are private individuals. Cook's complaint does not allege any facts to state a plausible claim that these Defendants participated in joint activity with state actors. In fact, there is no reference to a state actor, a conspiracy, and/or any agreement between private and public defendants in the complaint. Therefore, the Motions to Dismiss must be **GRANTED**.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Cook has failed to set forth factual allegations that raise a right to relief above the speculative level as to his Section 1983 claims. More specifically, he has failed to allege that any purported deprivation was committed by a person acting under color of state law. Thus, Defendants' Motions to Dismiss (Record Documents 4 and 6) are **GRANTED** and all of Cook's claims are **DISMISSED**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of April, 2012.

*[signature]*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE